IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,

        Plaintiff,                No. CIV S-08-3058 MCE KJM P

    vs.

TERRY MOORE, et al.,

        Defendants.       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $15.92 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (1969).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has filed the complaint form itself supplemented by an argument, his declaration, and a number of exhibits. In some instances, the argument and/or declaration change the focus of the claims in the complaint, so that the court has some difficulty in determining the exact contours of plaintiff's claims.

In the complaint itself, plaintiff lists three claims, each alleged to be "infringement of liberty under the U.S. Constitution 14th Amendment To Procedural Due Process." However, in the body of the claims, plaintiff alleges that the defendants each violated his "right to due process and equal protection under law." Compl. at Claims 1-3.

In claim one, plaintiff alleges that defendant Vierra told an inmate clerk not to prepare a form to allow plaintiff to return to work. He also alleges that Vierra said to plaintiff, "you don't expect me to help you after writing me up." Claim two is comprised of related allegations against defendant Chesser who, according to plaintiff, refused to rehire plaintiff for his job because he was "not hiring any more lifers, . . . and I need workers that are loyal, not people who write 602's on me. . . ." Finally, in claim three, plaintiff alleges that defendant Lane was aware that Vierra and Chesser violated plaintiff's right. He also claims that Chesser and Vierra rehired an inmate named Estep, but did not rehire plaintiff, and that Chesser and Vierra "punished plaintiff. . . for filing a CDC 602 inmate appeal . . . ."

To the extent that plaintiff complains generally about the defendants' refusal to rehire him, the complaint does not state a claim, because there is no right to a prison job. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 2001). He fares slightly better with his claimed violation of the Equal Protection Clause, though it is not clear whether he claims the discriminatory treatment is based on his status as a lifer or as a Muslim, something mentioned in

one of the attachments, or simply based on the fact that he and inmate Estep were treated differently. It is possible he is claiming all three reasons as the basis for the claim, but it is simply not clear from the complaint as it is currently constituted.

Plaintiff may be attempting to allege a retaliation claim. Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). While plaintiff suggests that the defendants refused to rehire him because of his resort to the prison grievance system, his claims themselves are based only on due process and equal protection, not on the First Amendment.

Taking into account all of the above, the court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

4

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is advised to consider the rules for clear pleading outlined in McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). In McHenry, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure as a model for clear pleading:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. at 1377.

5

1         Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[],'" but the factual and legal basis of the claims remains ill-defined. Id. at 1176. Amendment may cure some of these deficiencies.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $15.92. Fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's complaint is dismissed.

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

        5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: April 16, 2009.

        _____
        U.S. MAGISTRATE JUDGE

2/bart3058.14