**FILE** ~~ORIGINAL~~

MAY 1 5 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW
_____
(Name of Plaintiff)
P.O. BOX 4000 #8-205-L
_____
(Address of Plaintiff)
VACAV1LLE, CAl1FORN1A 95696

vs.

CL1FF LANE
_____

SCOTT ChESSER
_____

TERRY MOORE,
_____
(Names of Defendants)

2:08-cv-3058 MCE KJM
_____
(Case Number)

AMENDED

COMPLAINT

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:   ☒ Yes   ☐ No

    B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiff   K. Bartholomew _____

            Defendants   B.J. Burnell etal. _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983      Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

A.  Is there a grievance procedure available at your institution?      ☐ Yes      ☐ No

B.  Have you filed a grievance concerning the facts relating to this complaint?

☐ Yes      ☐ No

    If your answer is no, explain why not _____

_____

C.  Is the grievance process completed?      ☐ Yes      ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official
position in the second blank, and his/her place of employment in the third blank.  Use item B
for the names, positions and places of employment of any additional defendants.)

A.  Defendant _TERRY MOORE_____ is employed as _ADMINISTRATOR_
_PIA METAL FABRICATION_____ at _CSP-SOLANO STATE PRISON VACAVILLE, CA._

B.  Additional defendants _CLIFF LANE, SUPERINTENDENT-II AT CSP-SOLANO_
_PIA METAL FABRICATION IN VACAVILLE, CA.._____
_SCOTT CHESER, SUPERINTENDENT-I AT CSP-SOLANO PIA METAL FABRICATION_
_VACAVILLE, CA._____

_____
_____
_____

7

IV.   Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

On or about November 7, 2007. Plaintiff was interviewed by the defendant Scott Chesser, Concerning Plaintiff's Inmate Appeal log# CSP-S-07-03771. During the interview defendant Scott Chesser stated " You didn't have to file this 602, but if you withdraw your appeal, and choose to work all day on Friday (volunteer overtime) instead of going to Jumma (muslim) prayer on Fridays, I will have Brown (Office Clerk) type and process the paperwork to inmate assignment office to re-issue you a new workcard."

As a result of plaintiff "NOT" withdrawing the adminstrative appeal, defendant Scott Chesser as a form of reprisal did not submit the paperwork to the inmate assignment office for re-issue of workcard. Plaintiff's right to practice his beliefs and to redress his grievances under the 1st and 14th Amendment of the Constitution to Due Process and equal Protection were violated by the defendant.

V.   Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Wherefore plaintiff demands judgement against defendant Scott Chesser in the amount of $15,000;
$5,000 compensation damages;
$10,000 punitive damages;
court costs;
attorney fees;
evidentiary hearing;
and any other relief this court may deem just and proper.

Signed this __27__ day of __April__ , 20_09_.

_____4-27-09_____
(Date)

_____ (Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__4/27/09__
(Date)

_____ (Signature of Plaintiff)



VI. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

ON NOVEMBER 19, 07 AT CSP-SOLANO STATE PRISON IN VACAVILLE, CALIFORNIA. THE DEFENDANT CLIFF LANE FAILED TO ACT WHEN PLAINTIFF REPORTED TO HIM THAT THE DEFENDANT SCOTT CHESSER, WAS DISCRIMINATING AGAINST HIM DUE TO HIS MUSLIM FAITH, THE DEFENDANT CLIFF LANE RESPONSE WAS " YOU PISSED SCOTT OFF BY FILING THAT 602 APPEAL, YOU BROUGHT THIS ON YOURSELF, JUST DROP THE 602 AND I WILL TALK TO HIM."

AS A RESULT OF PLAINTIFF "NOT" WITHDRAWING HIS ADMINISTRATIVE APPEAL, PLAINTIFFS RIGHTS TO PRACTICE HIS BELIEF AS A MUSLIM, AND HIS RIGHT TO EQUAL PROTECTION FROM DISCRIMINATION WERE VIOLATED.

VII. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

WHEREFORE PLAINTIFF DEMANDS JUDGEMENT AGAINST DEFENDANT CLIFF LANE

| IN THE AMOUNT OF 15,000. |
| COMPENSATION DAMAGES 5,000. |
| PUNITVE DAMAGES     10,000. |
| COURT COST |
| ATTORNEY FEES |
| EVIDENTIARY HEARING |
| ANY AND ALL OTHER RELIEF THIS COURT MAY DEEM JUST AND PROPER. |

Signed this ___27___ day of ___APRIL___, 20__09__.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___4-27-09___
(Date)

_____
(Signature of Plaintiff)

8



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Bartholomew

v.

Case Number: 208-CV-3058-Mce + KJM

Terry Moore et Al

**PROOF OF SERVICE**

_____ /

I hereby certify that on    4-24-09    , I served a copy

of the attached   Amended  Complaint   ,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

VACAVille, CA,    :

(List Name and Address of Each
Defendant or Attorney Served)

        Eastern District Court
        500 "I" Street
        Sacramento, CA. 95814

I declare under penalty of perjury that the foregoing is true and correct.

_____

(Signature of Person Completing Service)

# EXHIBIT COVER PAGE:

Exhibit: _____

Description of this exhibit:

Number of pages of this exhibit: _23_ pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

_____ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: CDC 602 INMATE APPEAL LOG#SOL-07-03771/IAB-0724548

THIRD LEVEL REVIEW COMPLETED



## DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 1 2 2008

In re: Kevin Bartholomew, D13674
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

IAB Case No.: 0724548        Local Log No.: SOL-07-03771

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he was placed on surveillance watch pending an investigation. He says that on October 19, 2007, he was cleared and released from surveillance watch. Upon release from the Administrative Segregation Unit (ASU), there was no bed space available in the general inmate population. On October 20, 2007, he was unassigned. He says pursuant to the California Code of Regulations, Title 15, Section (CCR) 3045.3, he should not have been unassigned for 10 working days prior to discharge. He claims he did not do anything wrong to be prematurely unassigned from his job. There is no disciplinary infraction regarding his placement in ASU. He believes he should have been placed back into his old job with the Paint Department.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the Institution Classification Committee (ICC) removed the appellant from his current job and his work status changed to Privilege Group (PG) "D-1/D" effective October 14, 2007. He was seen again by ICC who released him to Facility II and put him back on the Metal Fabrication waiting list. Metal Fabrication does its own hiring. C. Lane, Superintendent II, stated he would consider rehiring the appellant when a position becomes available. However, the appellant must complete an application to be considered for rehiring. The appeal is granted in part at the Second Level of Review (SLR).

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** At the Director's Level of Review (DLR), the appellant states that he submitted an application to Cliff Lane on November 17, 2007; however, he stated the application discriminates against him because he is a "lifer." He says when the "lifer" boxed is checked, the Prison Industry Authority tosses the application.

The examiner contacted the Inmate Assignment Office on July 28, 2008, and spoke with Correctional Lieutenant Sandy. It was learned that the appellant is assigned to Vocation Welding and remains on the Metal "Fab" waiting list. The appellant will be assigned to a Metal "Fab" position when one becomes available. Although the appellant may not feel the waiting process is appropriate, the institution must take into consideration all factors involved in assigning inmates to positions. The institution must consider ethnic balance, medical concerns, safety concerns and inmate movement, to, from and within the institution. The appellant receives Work Group/Privilege Group "A-1/A" status while assigned to Vocational Welding; therefore the DLR finds no adverse effect on the appellant. The DLR finds no reason to modify the SLR.

**B.   BASIS FOR THE DECISION:**
CCR: 3040, 3040.2, 3041.1, 3043, 3045.3, 3375, 3376, 3379, 3391

**C.   ORDER:** No changes or modifications are required by the Institution.




This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SOL
Appeals Coordinator, SOL



**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. LSPS

Log No.

1. 07-03771

Category

13    P/A

2. _____

2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME
Bartholomew

NUMBER
D-13674

ASSIGNMENT
CSP-SOLANO FAC-II

UNIT/ROOM NUMBER
11-205-L

A. Describe Problem: Title 15 sec 3045.3 (a)(1). An infraction for which the finding was "Not Guilty" or pending an investigation where the inmate was released. The inmate "shall" RETAIN their work/training group status at the time of placement in ad/seg. On 10-15-07 placed on inmate surveillance watch pending investigation. Subsequently on 10-19-07 I was cleared and released from surveillance watch. Upon release no bed space was available in general population. On 10-20-07 I was unass. According to title 15 sec 3045.3 "S" Time. I should not have been unassigned for ten (10) working days. prior to discharge.

If you need more space, attach one additional sheet.

B. Action Requested: The writer contends that he did nothing wrong to be prematurely unassigned from his job. There is no disciplinary infraction regarding his placement in Ad/Seg. and upon his release his A1-A work/group status was reinstated by ICC. (see DMS 07-298 page 1 ). And therefore I request my job back in the M/F Paint dept. (Met-3.003) continue next page

Inmate/Parolee Signature: _____    Date Submitted: 10/25/07

C. INFORMAL LEVEL (Date Received: 11/2/07 )

Staff Response: Please See attached Memo

LISA Rodriquez

Staff Signature: _____    Date Returned to Inmate: 11/87/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.
Per the Partially Granted informal response, Lisa Roriquez. Attached is the
Inmate request for interview. Addressed to Cliff Lane. Requesting my Job back in
Metal Fabrication. However for the record, as stated in the original action
requested (see section B action requested, continue next page).
Inmate Estep was
not required to fill out a application to be rehired? (continue next page).

Signature: _____    Date Submitted: Nov - 8, 2007
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

RECEIVED
OCT 3 1 2007
CSP/SOLANO
APPEALS OFFICE

COPY
ORIGINAL
RECEIVED 2018 MAY -6 INMATE APPEALS BR

Appeals

⇒ INFORMAL LEVEL

The writer asserts his request in not unusal/uncommon. Just as recently as 10–25–07 inmate
Estep was reassigned to M/F Met.3-001. (see DMS Job/assn activity 10/25/07). While being
housed/placed in Ad/Seg. As well as Inmate Oliver.
in accordance to title 15 sec 3004(a) Rights and respect of others; inmate. I would like to have
the same equal opportunity.
My work status CDC 101's reflect satisfactory grades. And just as recently as September 12,
2007. I was approved by Cliff Lane Metal/Fab Supt–II. Requesting that I be retained to Metal Fab.
For my genuine interest in my work, and desire to learn. (see exhibit #C).
Therefore I am requesting that upon consideration and review of this appeal. That the inmate
assignments L. Herrera to reissue work card and gate pass.
Your assistance is appreciated thank you.

K. Bartholomew D–13674

**EXHIBIT**

*Section D. FORMAL LEVEL CONTINUE.*

⇒ FIRST LEVEL

Section D Continuation
Appellant believes that because of my Muslim faith, my reassignment is being obstructed
by Scott Clesser and Zach Vierre, in violation of the First Amendment. On 11-7-07, during
a personal interview with I/M Assignment's. C/Lt. Herrera said; "All I need is a phone
call or Fax from Cliff Lane, Supt. II and he would issue me a workcard with no problem".

K. Bartholomew, D-13674

**COPY**

⇒ SECOND Level

**Section F. Continue.**

Further as a form of reprisal for filing this appeal. My return to work has
been impeded by Scott Chesser and Zach Vierra of PIA Metal Fab. A 14th con-
stitutional violation.
There has been seven (7) positions vacant and filled since my release.

K. Bartholomew, D-13674

section h. continue

⇒ Third Level
screened

4-27-08

This means that your application is screened out, with no interview or call back from Cliff
Lane, Scott Chesser or Zack Vierra. this underground policy is without the approval of
_____ and Calif Penal Code 5058. petitioner is requesting

  

**PIA**
California
**Prison Industry Authority**

of California Department of Corrections

**PIA Worker Questionaire**

*PLEASE PRINT PLAINLY*

Name: A Badap , Louie Floyd
Last / First / Middle

CDC Number: ~~F-----~~

Housing: 8-804    Date of Birth: 11/13/01    Custody: CLOSE

Classification Score: 48    MEPD / Parole Date: 2020    Lifer (Yes / No): Yes

Ethnicity: AMI   Black   Hispanic   White   (Other)    Correctional Counselor: Mrs. Baker
Circle One                                                Print Name

## Prior PIA Experience:

Have you worked in Prison Industries before? ☐ Yes   No ☒   If yes, list institutions and dates below:

| Institution | Enterprise / Factory | From Date | To Date | Reason for Leaving |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Skills / Training:

If you have any special skills, vocational training, professional certifications or work experience, please list them below:

| Skill / Certification / Work Experience | Institution | Date |
|---|---|---|
| Certified Forklift Operator | Watkins Motor Lines | 2000 |
| California Real Estate Certificate | Completed on the Internet | 2003 |
| Repair Sputter Machines in a Clean Room | MMCTechnology/Maxtor Company | 2005 |
| Residential/Commercial Alarm System Installation | Alarm One Inc. | 2003 |
|  |  |  |

Applicant Signature

*Signature MUST be in blue ink only*

EXHIBIT    08/01/07
Date

# **Memorandum**

Date:        November 7, 2007

To:          Inmate Bartholomew
             D-13674
             11-205L

Subject:   **INFROMAL APPEAL RESPONSE**

This is in response to your Informal Appeal response dated October 23, 2007. In your appeal you claim you were placed in Administrative Segregation Unit (ASU) for surveillance watch and were never found guilty of any charges and thus was removed from your job. You claim that per California Code of Regulations Title 15 §3045.3 indicates you should not have been unassigned for ten working days. You are requesting to be placed back in your Metal Fabrication job.

A review of the Distributed Data Processing System (DDPS) reveals that on October 18, 2007, you were seen by an Institutional Classification Committee (ICC) which elected to retain you in ASU, remove you from you current job and change your work group privilege group to D1D effective October 14, 2007. You were again seen by ICC on October 25, 2007, which elected to release you to Facility II and place you back on Metal Fabrication waiting list. A review of Title 15, §3045.3 states in part, *shall retain their existing work/training group unless otherwise impacted by classification committee or disciplinary action.* As previously noted on October 18, 2007, ICC changed your work/privilege group to D1D. On October 25, 2007, ICC elected to change your work/privilege group to A1A and placed you back on the Metal Fabrication waiting list. Metal Fabrication conducts their own hiring; therefore you are eligible to be rehired by metal fabrication; however you need to send a request for interview to metal fabrication indicating you would like to have your job back.

Based on the aforementioned information your appeal is partially granted in that you are eligible to be rehired back in metal fabrication.

L. Rodrigues
Office Technician
Inmate Assignment Office
CSP-Solano



COPY





# Memorandum

**Date:** January 9, 2008

**To:** BARTHOLOMEW, D-13674, 11-205-L

**From:** Prison Industry Authority • California State Prison-Solano • 2100 Peabody Road • Vacaville, California 95696

**Subject:** FIRST LEVEL APPEAL RESPONSE, LOG # CSP-S-07-03771

This is in response to your CDC 602, Inmate Appeal, Log #CSP-S-07-03771, dated November 27, 2007, at the first level of review. In your appeal you stated that you were unassigned from your job assignment in PIA Metal Fab prematurely and subsequently had the CDCR 115 issued to you dismissed via ICC action.

On January 7, 2008, J. Arnold, Superintendent II, PIA Laundry, interviewed you to provide you the opportunity to fully explain your appeal and to provide any supporting information or documents.

You are requesting to be re-instated to your job assignment in PIA Metal Fab and you question the need to complete an application for assignment.

During your interview, you stated that you were found not guilty and released from Administrative Segregation on 10/25/2007, and that Inmate Estep, J-59546, who was also released from Administrative Segregation was re-hired in Metal Fabrication. You indicate that the same courtesy should be extended to you.

A thorough review of your appeal was conducted which included a telephone interview with C. Lane, Superintendent II, PIA Metal Fabrication, an interview with your previous supervisor Mr. Vierra, and a review of your work file. Mr. Lane explained he has reviewed your previous Work Supervisor Reports (CDC-101's) noting you have approximately 7.5 years of satisfactory work history within Metal Fabrication. He indicated he would consider re-hiring you when a position becomes available. If you have not done so already, you will need to complete an updated application for submittal to Mr. Lane or Mr. Cheser, Superintendent I. At that time, they will evaluate their needs for your assignment.

Based on the foregoing, your appeal is <u>GRANTED</u>.

T. MOORE
Prison Industries Administrator

# Memorandum

Date: April 10, 2008

To: K. BARTHOLOMEW          D-13674          11-205L
California State Prison-Solano

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO.:     SOL 07-03771

ISSUE:

In your appeal dated October 25, 2007, you state that on October 15, 2007, you were placed on inmate surveillance watch pending investigation. You state that on October 19, 2007, you were cleared and released from surveillance watch. You state there was no bed space available in general population. You claim that you should not have been unassigned for ten working days.

You request that:

1.  You be reinstated in the Metal Fabrication Paint department, Position #MET-3-003.
2.  No retaliation taken against you for filing this appeal.

INTERVIEWED BY:     J. Arnold, Superintendent II, PIA Laundry, at the First Level of Review.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, (CCR) Section 3084.1. Right to Appeal.**
(a)  Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy, which they can demonstrate as having an adverse effect upon their welfare.

**California Code of Regulations, Title 15, Section (CCR) 3040. Participation.**
(a)  Every able-bodied person committed to the custody of the secretary of the Department of Corrections and Rehabilitation is obligated to work as assigned...
(d)  ...Operational needs may always override a program assignment.

**California Code of Regulations, Title 15, (CCR) Section 3043.2. Loss of Participation Credits.**
(a)  ...Any serious disciplinary offense committed while participating in such prison work or program activities shall be deemed a failure to participate.

**California Code of Regulations, Title 15, (CCR) Section 3043.5.
Credit. Earning Special Assignments.**
(2)   An inmate in a lockup unit who is in Work Group A-1 or B
shall be changed to Work Group D-1 effective the first day of placement
into Administrative Segregation.

DISCUSSION:

On November 27, 2007, you were interviewed by B. Cooley to give you an opportunity to
fully explain your appeal and provide supporting information. You state you did not have
anything to add.

The Institutional Classification Committee (ICC) removed you from you current job and
you work status changed to privilege group D1D, effective October 14, 2007. You were
seen again by ICC who elected to release you to Facility II and put you back on the Metal
Fabrication waiting list. As you know, Metal Fab does its own hiring and you were eligible
to be rehired. C. Lane, Superintendent II, said he would consider rehiring you when a
position becomes available. If seven positions became vacant and were filled since your
release, you need to fill out an application to be considered for rehiring. Staff will not
know if you are really interested in working unless you provide a filled out application.

DECISION: Your appeal is **partially granted.**

Fill out an application and submit it to Metal Fab. As soon as a position becomes vacant,
you will be considered. This part of your appeal is **partially granted.**

There will no reprisals against you for filling this appeal. **Granted.** Scott Cheser and Zach
Vierra have not impeded your ability to return to work.

You are advised that this issue may be submitted for a Second Level of Review.

D. K. SISTO
Warden

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW



ORIGINAL

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | | CDC NUMBER |
|---|---|---|---|---|
| Nov 7, 2007 | Cliff Lane, Supt-II Metal Fab | Bartholomew | | D-13674 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| 11 | 205-L | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Mr. Lane, I was instructed to submit a request for interview. Requesting my job

back. Cliff I was exonerated and cleared from all charges, And I want my job

back. Thank you for holding my job 29 days. according to the assignment office

upon your call to #5109 they will issue me a work card & gate pass.

*[signature]*

INTERVIEWED BY    DELIVERED APP OF 11-15-07  CFL

DISPOSITION

DATE
11-15-07



ORIGINAL

COPY

EXHIBIT



BUILDING BETTER LIVES FOR A SAFER CALIFORNIA

# Memorandum

**Date:** November 19, 2007

**To:** Inmate Bartholomew D13674

**From:** Prison Industry Authority • Metal Products

**Subject:** 602



Inmate Bartholomew D13674;

I am returning your appeal dated 11/07/07. As presented the appeal does not appear to be addressed to me for response nor does it have a log #. It does however address your desire for consideration of employment at Metal Products. I sent to you on 11/15/07 an application and questionnaire. Please complete the forms and return them to Cliff Lane, Superintendent II, Metal Products. Upon receipt you will be given equal consideration for possible at Metal Products.

Cliff Lane
Superintendent II
CSP-Solano - Metal Products

**Cc:** File





| CDC Number Inmate Name | Cust Sth Levl Bed/Cell | From Job Nbr | Job Title | To Job Nbr | Job Title | Pay Grd | Eff Date Off | Days | Work Hrs | Wk/P Grp | Tran Code |
|---|---|---|---|---|---|---|---|---|---|---|---|
| F61378 NORTHRUP | WHI MEDA S316 214L | ABE#1.105 | ABE-I STUDE | Unassigned | | | 10/26 | | | A1/A | UNAS |
| P48838 DANSBY | BLA MEDA S419 131L | Unassigned | | ABE#1.108 | ABE-I STUDE | N | 10/26 FSSUHO | | 0730-1100 1130-1600 | A1/A | ASGN |
| V87823 ROBBINS | WHI MEDA S419 233U | Unassigned | | ABE#1.105 | ABE-I STUDE | N | 10/26 FSSUHO | | 0730-1100 1130-1600 | A1/A | AOWG |
| K04831 GUICE | BLA MEDA S105T1 139U | ABE#2.045 | ABE/SAP (SA | Unassigned | | | 10/26 | | | A1/A | UNAS |
| K39831 VARISTE | BLA MEDA S104T2 237U | ABE#1.037 | ABE/SAP (SA | Unassigned | | | 10/26 | | | A1/A | UNAS |
| V67729 BURNELL | WHI MEDA S102T1 109U | ABE#1.044 | ABE/SAP (SA | Unassigned | | | 10/26 | | | A1/A | UNAS |
| F78056 RAMIREZ | HIS MEDA S419 210L | Unassigned | | ABE-2.513 | ABE-II STUD | N | 10/26 FSSUHO | | 0630-1100 1130-1430 | A1/A | ASGN |
| P12695 VILLAREAL | MEX MEDA S316 201U | Unassigned | | ABE-2.518 | ABE-II STUD | N | 10/26 FSSUHO | | 0630-1100 1130-1430 | A1/A | AOWG |
| K07321 MORRIS | BLA MEDA S419 248U | ABE-4.020 | ABE-I STUDE | Unassigned | | | 10/26 | | | A1/A | UNAS |
| F00538 HURTADO | MEX MEDA S318 234L | ABE-2.017 | ABE (SAP-1. | Pre-Parole | | | 16/26 | | | A1/A | UNAS |
| F20119 CERVANTES | MEX MEDA * TRANSFERRE D | ABE-1.007 | ABE (SAP-2. | Unassigned | | | 10/26 | | | A1/A | UNAS |
| F61380 LAMB | BLA MEDA S419 235L | Unassigned | | ABE-2.017 | ABE (SAP-1. | N | 10/26 FSSUHO | | 0700-1100 1130-1530 | A1/A | ASGN |
| V74822 OAKLEY | BLA MEDA S422H 3L | Unassigned | | ABE-1.007 | ABE (SAP-2. | N | 10/26 FSSUHO | | 0700-1100 1130-1530 | A1/A | ASGN |
| C15399 ROBINSON | BLA MEDA * TRANSFERRE D | ABE-0.804 | ABE-II STUD | Unassigned | | | 10/26 | | | A1/A | UNAS |
| V30033 JASSO | MEX MEDA S3GD 164L | ABE-V.917 | OSRT ED/VOC | Pre-Parole | | | 10/26 | | | A1/A | UNAS |
| E95438 ROCHA | MEX MEDA S422I' 4L | Unassigned | | ABE-V.916 | OSRT ED/VOC | N | 10/26 FSSUHO | | 0645-1045 1115-1515 | A1/A | AOWG |
| T67052 GUEREQUE | MEX MEDA S3GD 116U | Unassigned | | ABE-V.917 | OSRT ED/VOC | N | 10/26 FSSUHO | | 0645-1045 1115-1515 | A1/A | AOWG |
| F79203 RUST | WHI MEDA S315B 4M | Unassigned | | ABE-A.108 | PRE-ACA LRV | N | 10/26 FSSUHO | | 0630-1130 1200-1500 | A1/A | ASGN |
| C77494 JOHNSON | BLA MEDA S421V 2U | MKW-E.216 | PM COOK LVL | MKW-2.112' | PM COOK LVL | 4 | 10/26 THF | | 1200-1700 1730-1900 | A1/A | ASUN |
| F56849 HOCK | WHI MEDA S3GD 153U | DRS-E.140 | SCULLERY 6& | MKW-2.131 | SCULLERY-6&-- | | 10/26 MTH | | 0600-0900 1430-1900 | A1/A | ASUN |
| H03071 KIZZEE | BLA MEDA * TRANSFERRE D | DRW-3.515 | SCULLERY 2/ | Unassigned | | | 10/26 | | | A1/A | UNAS |
| D08145 GUSTAV | BLA CLOB S212T2 223L | DRW-3.517 | SCULLERY 2/ | DRW-3.515 | SCULLERY 2/ | 4 | 10/26 THF | | 0600-0900 1430-1900 | A1/A | ASUN |
| D08191 TERRY | BLA CLOB S212T2 208L | Unassigned | | DRW-3.517 | SCULLERY 2/ | N | 10/26 WTH | | 0600-0900 1430-1900 | A1/A | ASGN |
| F75979 NEEL | WHI MEDA S420V 5U | DRW-E.440 | DINING HALL | MKW-E.216 | PM COOK LVL | N | 10/26 WTH | | 1130-1630 1700-1830 | A1/A | ASUN |
| K97798 SANCHEZ | MEX MEDA * TRANSFERRE D | ESL#1.119 | ESL STUDENT | Unassigned | | | 10/26 | | | A1/A | UNAS |
| T36396 MUNUIA | MEX MEDA * TRANSFERRE D | ESL#1.101 | ESL STUDENT | Unassigned | | | 10/26 | | | A1/A | UNAS |
| F70889 AMADOR | MEX MEDA S420T 1U | ABE-2.518 | ABE-II STUD | ESL#1.101 | ESL STUDENT | N | 10/26 FSSUHO | | 0700-1100 1130-1530 | A1/A | ASUN |
| F75120 CERNA | MEX MEDA S314G 4U | Unassigned | | ESL#1.119 | ESL STUDENT | N | 10/26 FSSUHO | | 0700-1100 1130-1530 | A1/A | ASGN |
| F34396 FLORES-CASTRO | MEX MEDA * TRANSFERRE D | ESL-6.617 | ESL STUDENT | Unassigned | | | 10/26 | | | A1/A | UNAS |
| F84241 PENA | HIS MEDA S315H 3U | Unassigned | | ESL-6.617 | ESL STUDENT | N | 10/26 FSSUHO | | 0645-1145 1215-1515 | A1/A | ASGN |
| F62290 HUNTERT | WHI MEDA S317 233U | LITA1.007 | LITERACY LA | Pre-Parole | | | 10/26 | | | A1/A | UNAS |
| F44256 DAVITIAN | WHI MEDA S317 147U | Unassigned | | LITA1.021 | LITERACY LA | N | 10/26 FSSUHO | | 0645-1100 1130-1515 | A1/A | ASGN |
| F84335 SIEMS | WHI MEDA S422Q 4M | Unassigned | | LITA1.007 | LITERACY LA | N | 10/26 FSSUHO | | 0645-1100 1130-1515 | A1/A | ASGN |
| E26928 HARPER | BLA MEDA S207T1 135U | PTR-2.701 | B DORM PTR | MET-3.080 | MF WELDING | N | 10/26 FSSUHO | | 0630-1130 1200-1600 | A1/A | ASUN |
| J59546 ESTEP | WHI MEDA S104T2 230U | Reassigned | | MET-3.001 | MF LEAD SAW | N | 08/04 FSSUHO | | 0630-1130 1200-1600 | A1/A | REAS |
| T19642 CHA | OTH MEDA * TRANSFERRE D | MKW@3.219 | STOREROOM W | Unassigned | | | 10/26 | | | A1/A | UNAS |
| P92362 MALDONADO | MEX MEDA S208T2 223L | LSC-2.231 | SAN WORKER | MKW-3.241 | AM COOK | 4 | 10/26 THF | | 0330-0700 0730-1630 | A1/A | U**A |
| F663`56 LEELO | OTH MEDA S313W 1U | Unassigned | | REC-3.007 | RECREATION | N | 10/26 ESUHO | | 0800-1200 1900-2100 | A1/A | ASGN |

EXHIBIT

| CDC NUMBER INMATE NAME | ARRIVAL DATE STATU | ETH WRK CDE STA | CUSTODY LEVL/SFX | WK/PV BED/FROM GROUP LOCATION | BED/TO LOCATION | JOB NUMBER | TITLE | LOC |
|---|---|---|---|---|---|---|---|---|
| X75780 JONES, LEWIS N | 20071015 MDRTN | BLA ADS | MAX | D1 D S209T1 128L | S101T1 115L | | | |
| T26180 JENKINS, JAMES L | 20070605 PERM | BLA FUL | MEDA | A1 A S2HD 132U | S207T1 102L ✶ | MET-3.151 | MF SHEET MET | MF3 |
| E94193 MORALES, JOHNNY | 20071004 MDRTN | MEX FUL | MEDA | A1 A S314V 1U | S209T1 132L | OPT-I.040 | OPTICIAN | POPT |
| J16580 HAWKINS, LARON | 20061102 PERM | BLA ADS | MAX | D1 D S209T1 123U | S209T1 102L | | | |
| P56108 DILLIHUNT, ERIC | 20050803 PERM | MEX FUL | CLOB | A1 A S103T1 119L | S209T1 128L | MKW-3.308 | PM UTILITY W | MKIT |
| V49144 NUNEZ, VICTOR | 20070625 PERM | MEX FUL | MEDA | A1 A S420U 4M | S209T1 123L | ABE-V.904 | MIL ED/VOC P | ABE9 |
| E24731 BATISTE, JAMES L | 20050525 MDRTN | BLA ADS | MAX | D1 D S209T1 123L | S209T2 249L | | | |
| P87631 GUZMAN, DANIEL | 20071011 PERM | HIS UN | MEDA | A1 A S422J 4L | S209T2 207L | | | |
| P24714 ANDREWS, WORSTEN | 20070306 PERM | BLA FUL | MEDA | A1 A S104T1 127U | S209T2 202U | WEL-1.060 | VOC WELD (SA | VWB |
| F51162 MARTIN, DEMETRIC | 20070318 PERM | BLA ADS | MAX | D2 D S210T1 119L | S210T1 111U | | | |
| K69626 ROENSCH, GEORGE | 20000714 PERM | WHI FUL | MEDA | A1 A S421S 1U | S210T1 112L | CLK-A.110 | GED CLERK LE | GEH1 |
| P46491 MONTES, JULIO C | 20070306 PERM | MEX UN | MEDA | A1 A S314E 4L | S210T1 119U | | | |
| P90375 TAYLOR, DAVID | 20070404 MDRTN | MEX UN | MEDA | A2 B S315A 4L | S210T1 119L | | | |
| V10201 LEXION, TREVON | 20061108 PERM | BLA UN | MEDA | A1 A S210T1 104U | S210T1 110U | | | |
| D33954 ASSAF, AHMAD A | 20070607 PERM | OTH ADS | MAX | D1 D S210T2 201L | S210T2 227U | | | |
| F69508 LOGAN, TIMOTHY D | 20070627 PERM | WHI ADS | MEDA | A2 B. S210T2 203L | S210T2 237L | | | |
| F75935 INGRAHAM, TIMOTH | 20070705 PERM | WHI FUL | MEDA | A1 A S314W 4M | S210T2 201U | BRG-1.045 | ARTS IN CORR | AIC1 |
| T87676 MORALES, ANTONIO | 20030528 PERM | MEX UN | MINB | A1 A S314F 8U | S210T2 203L | | | |
| V21615 CASTRO, PAUL S | 20040622 PERM | MEX FUL | MEDA | A1 A S314W 4U | S210T2 201L | ABE-2.509 | ABE-II STUDE | ABE2 |
| F01623 TATUM, TIMOTHY I | 20070622 MDRTN | BLA UN | MEDA | A2 B S209T2 207L | S211T1 133U ✶ | | | |
| F72704 MAGGIO, SALVATOR | 20070919 PERM | OTH UN | CLOA | A2 B SCTC 117S | S211T1 135U | — . | | |
| P42930 JACKSON, LAMON E | 20070828 MDRTN | BLA UN | CLOB | A2 B S211T2 205L | S211T1 147L ✶ | | | |
| D13674 BARTHOLOMEW, KEV | 19991223 PERM | BLA ADS | MEDA | A1 A S211T1 139U | S211T2 205L ✶ | | | |
| V87829 BABINEAU, JEROME | 20071023 MDRTN | WHI UN | CLOA | A2 B SCTC 110S | S212T1-131L ✶ | | | |
| F10367 AGUILERA, ANDRES | 20060505 PERM | MEX FUL | MEDA | A2 B S209T1 132L | S2HD 128U ✶ | MKW-3.263 | BAKERY WORKE | MKIT |
| F43925 VALENZUELA, ANTH | 20071025 PERM | MEX ORI | | IIZZ 048S | S313A 1U | | | |
| F83630 GONZALEZ, CARL G | 20071025 PERM | HIS ORI | | IIZZ 023S | S313M 7M | | | |
| V26706 ROWELL, WAYNE D | 20071025 PERM | WHI ORI | | IIZZ 057S | S313O 1U | | | |
| H20677 THREET, TERRELL | 20071025 PERM | BLA ORI | | IIZZ 060S | S313P 5U | | | |
| F70940 HOSKINS, TIMOTHY | 20071025 PERM | BLA ORI | | IIZZ 058S | S313V 4M | | | |
| P90882 MEDINA, ALEJANDR | 20071025 PERM | MEX ORI | | IIZZ 032S | S314F 8U | | | |
| V62404 TYSON, JAMAR | 20050602 PERM | BLA UN | MEDA | A1 A S313L 4U | S314J 4M | | | |
| F08458 OROPEZA, IGNACIO | 20071025 PERM | MEX ORI | | IIZZ 067S | S315A 4L | | | |
| F22149 TATRO, DAVID A | 20071025 PERM | WHI ORI | | IIZZ 038S | S315A 3U | | | |
| V99938 LOUNSBURY, JOHN | 20071025 PERM | WHI ORI | | IIZZ 037S | S315V 4M | | | |
| F83719 LORTA, JOEY M | 20071025 PERM | WHI ORI | | IIZZ 034S | S316 238U | | | |
| F83719 LORTA, JOEY M | 20071025 PERM | WHI ORI | UNCL | U U S424 123L | S316 238U | | | |
| V08306 JONES, MICHAEL | 20071025 PERM | BLA ORI | | IIZZ 025S | S316 238U | | | |
| F83567 SANDERS, SHAWN D | 20071025 PERM | WHI ORI | | IIZZ 065S | S420F 8U | | | |
| J21012 MCDOWELL, VARIN | 20071025 PERM | BLA ORI | | IIZZ 050S | S421Q 5U | | | |
| F08733 OMLER, ROBERT W | 20070904 PERM | WHI UN | MEDA | A2 B S421W 2U | S421W 2U | | | |
| F84396 JOHANNSEN, PETER | 20071017 PERM | WHI ORI | UNCL | A1 U S421W 2U | S421W 1U | | | |
| E30443 DRIVER, THOMAS E | 20070530 PERM | WHI FUL | MEDA | A1 A S423G 3U | S423Q 4L | BAR-4.406 | BARBER FAC 4 | BAR4 |
| F12337 DAVIS, CHRISTOPH | 20071025 PERM | BLA ORI | | IIZZ 030S | S424 235U | | | |
| F83719 LORTA, JOEY M | 20071025 PERM | WHI ORI | | S316 238U | S424 ,123L | | | |
| K26226 HARRIS, LANCE D | 20071025 PERM | BLA ORI | | IIZZ 036S | S424 215U | | | |
| T16350 PETERSON, TROY C | 20071025 PERM | WHI ORI | | IIZZ 061S | S424 212U | | | |
| P34723 NICHOLSON, CHARL | 20071019 PERM | BLA ORI | MAX S | D1 D SCTC 125S | SCTC 119S | | | |

EXHIBIT



**PIA**
**California**
*Prison Industry*
*Authority*

**Date:** September 12, 2007

**To:** Classification Committee / CSR

**From:** Prison Industry Authority • 2100 Peabody Road • Vacaville, California 95696

**Subject:** **REQUEST FOR RETAINING INMATE BARTHOLOMEW, D-13674 IN PIA METAL FABRICATION**

Inmate Bartholomew, D-13674, is currently employed by the PIA Metal Fabrication Factory at CSP-Solano. His assignment began 3/14/2000 and he works in the Painting and Shipping department of the factory. This letter is to commend Bartholomew for his continued improvement and to request that he be given consideration for retention of his assignment.

Inmate Bartholomew shows genuine interest in his work and performs his job duties with minimal supervision. His work ethic and abilities continue to improve and he works well with both staff and inmates.

Training inmate workers to be knowledgeable and skillful in a trade takes time. We believe it aids the inmate as he prepares himself to become a productive citizen upon his release from prison and we believe that PIA is one of the best work environments for receiving this training. We would appreciate the opportunity to working with Bartholomew and help him gain experience and training in the Metal Fabrication trade.

Inmate Bartholomew is currently working on qualifying for a PIA trade skill certification in connection with the PIA Inmate Employability Project. He is involved with learning the system that will support approximately $500,000.00 in sales for PIA.

Bartholomew is also working towards the American Welding Society (A.W.S.) certifications in MIG Overhead and Vertical skills. The Prison Industry Authority has paid for his participation in this program. He will be actively involved in the CSP–Solano T.I.E. Program in conjunction with the Vocational Welding course.

Inmate Bartholomew shows great desire to accept and learn other related certifications which would assist him in gaining employment upon his release. For these reasons we would appreciate serious consideration be given to retain inmate Bartholomew at CSP-Solano, Level III, in hopes he can continue the positive progress made thus far.

Thank you for your consideration in this matter. If you have any questions, feel free to contact us at 5858 or 5856.

Zachary Vierra
Supervisor
PIA Metal Fabrication

Cliff Lane
Industrial Superintendent II
PIA Metal Fabrication



# COPY

Assignment Ducat/Activity Card

CDC#: D13674 BARTHOLOMEW, KEVIN
EFF : 02/11/2004
BED#: S211T1 119U
LOC : MF3
RDO: F S SU H
JOB#: MET 3 080 MF SHEAR OPERATOR
HRS: 0700-1130 1200-1600

AUTHORIZED BY L. N. FLORES
CORR. LT.

OLD WORK CARd
2/11/2004



**EXHIBIT**

STATE OF CALIFORNIA
**INMATE WORK SUPERVISOR'S TIME LOG**

DEPARTMENT OF CORRECTIONS
DISTRIBUTION:
WHITE - WORK SUPERVISOR
YELLOW - INMATE

CDC 1697 (5/92)

| CDC NUMBER | INMATE'S NAME | | ETHNICITY | MONTH | YEAR |
|---|---|---|---|---|---|
| D13074 | BARTHOLOMEW | | B | SEP/OCT | 2007 |

| JOB TITLE | POSITION NUMBER | PAY RATE (HOURLY) | REGULAR DAYS OFF | HOURS OF ASSIGNMENT | TIME CARD NUMBER |
|---|---|---|---|---|---|
| PAINT | MGT-3,003 | .75 | T/S/S | 0700/1600 | |

| SUPERVISOR'S NAME (PLEASE PRINT) | TITLE | SUPERVISOR'S SIGNATURE | DATE INITIATED |
|---|---|---|---|
| Z. VIERRA | IND. SUP. RUA | 3C | 9-26-07 |

| DAY | RDO/HOL | TIME IN | TIME OUT | TIME IN | TIME OUT | TOTAL HOURS | TYPE OF TIME | MIN MET | TIME KEEPER'S SIGNATURE | DAY | RDO/HOL | TIME IN | TIME OUT | TIME IN | TIME OUT | TOTAL HOURS | TYPE OF TIME | MIN MET | TIME KEEPER'S SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 740 | 1130 | 200 | 1600 | 7.5 7.8 | X | Y | 3C | 17 | | | | | | | S | Y | 3C |
| 2 | | | | | | | S | Y | 3C | 18 | | | | | | | S | Y | 3C |
| 3 | | | | | | | S | Y | 3C | 19 | X | | | | | | R | Y | 3C |
| 4 | | | | | | | S | Y | 3C | 20 | | | | | | | | | |
| 5 | | 800 | 1130 | 1200 | 1230 | 4.0 | 2X | Y | 3C | 21 | | | | | | | | | |
| 6 | | | | | | | R | Y | 3C | 22 | | | | | | | | | |
| 7 | | | | | | | | Y | 3C | 23 | | | | | | | | | |
| 8 | X | | | | | | R | Y | 3C | 24 | | | | | | | | | |
| 9 | | 720 | 1130 | 200 | 1600 | 8.5 8.2 | S X | Y | 3C | 25 | | | | | | | | | |
| 10 | | 700 | 1130 | 1200 | 1600 | 8.5 | X | Y | 3C | 26 | | | | | | | S | Y | 3C |
| 11 | | 740 | 1130 | 200 | 1600 | 7.5 7.8 | S X | Y | 3C | 27 | | | | | | | S | Y | 3C |
| 12 | X | | | | | | | Y | 3C | 28 | | | | | | | S | Y | 3C |
| 13 | X | | | | | | | Y | 3C | 29 | | | | | | | S | Y | 3C |
| 14 | X | | | | | | R | Y | 3C | 30 | | | | | | | S | Y | 3C |
| 15 | | | | | | | S | Y | 3C | 31 | | | | | | | | | |
| 16 | | | | | | | S | Y | 3C | | | | | | | | | | |

| | TOTAL DAYS MINIMUM MET | TOTAL X HOURS WORKED | X PAY RATE | = TOTAL PAY |
|---|---|---|---|---|
| | 24 | 36.3 | .75 | 27.23 |

ENTER DATE(S) AND REASON(S) IF EXCEPTIONAL TIME (A, E, AND/OR S) USED:

S TIME LOCK DOWN: 26,27,2,3,4
S TIME LATE RETURN: 1,9,11
S TIME AD-SEG: 15,16,17,18

SPECIAL ASSIGNMENT

| TRANSFERRED IN (DATE) | DMB # | TRANSFERRED OUT (DATE) | DMB # |
|---|---|---|---|

# Memorandum

Date : February 20, 2008

To : BARTHOLOMEW, D13674
S211T2000000205L

Log Number: CSP-S-07-03771

Subject: **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐ Unavailability of the appellant, or staff or inmate witness.

☒ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

This notification is required per California Code of Regulations, Section 3084.6(b)(6). The
new estimated completion date is _____ 0 4 - 2 / - 0 8 _____ .

*Granter*

Appeals Coordinator
CSP-SOLANO

### 3004. Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:
1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).
2. Amendment of subsection (a) filed 3-2-81; effective thirtieth day thereafter (Register 77, No. 40).
3. New subsection (c) filed 4-18-80; effective thirtieth day thereafter (Register 80, No. 16).

### 3005. Conduct.

(a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

(b) Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.

(c) Force or Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 242, 295–300.3, 2931 and 5054, Penal Code.

HISTORY:
1. Repealer and new section (b) filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).
2. New subsection (c) filed 5-13-77; effective thirtieth day thereafter (Register 77, No. 20).
3. Amendment of subsection (c) filed 6-30-77 as an emergency; effective upon filing (Register 77, No. 27).
4. Amendment of subsection (c) filed 9-29-77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 40).
5. Amendment filed 3-2-83; effective thirtieth day thereafter (Register 83, No. 12).
6. Change without regulatory effect amending subsection (a) filed 6-5-91 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 31).
7. Amendment of subsection (c) filed 5-5-95; operative 6-5-95 (Register 95, No. 18).
8. Amendment of Note filed 9-20-99 as an emergency; operative 9-20-99 (Register 99, No. 39). Pursuant to Penal Code section 5058(e) a Certificate of Compliance must be transmitted to OAL by 2-28-2000 or emergency language will be repealed by operation of law on the following day.
9. Certificate of Compliance as to 9-20-99 order transmitted to OAL 1-14-2000 and filed 2-22-2000 (Register 2000, No. 8).
10. Amendment of subsection (c) and amendment of Note filed 1-9-2004 as an emergency; operative 1-9-2004 (Register 2004, No. 2). Pursuant to Penal Code section 5058.3, a Certificate of

Compliance must be transmitted to OAL by 6-17-2004 or emergency language will be repealed by operation of law on the following day.
11. Amendment of subsection (c) and amendment of Note refiled 6-17-2004 as an emergency; operative 6-17-2004 (Register 2004, No. 25). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-24-2004 or emergency language will be repealed by operation of law on the following day.
12. Certificate of Compliance as to 6-17-2004 order transmitted to OAL 11-16-2004 and filed 12-29-2004 (Register 2004, No. 53).

### 3006. Contraband.

Inmates may possess only the personal property, materials, supplies, items, commodities and substances, up to the maximum amount, received or obtained from authorized sources, as permitted in these regulations. Possession of contraband as defined in section 3000 may result in disciplinary action and confiscation of the contraband.

(a) Dangerous Property. Inmates may not possess or have under their control any weapons, explosives, explosive making material, poisons or any destructive devices, nor shall they possess or assist in circulating any writing or voice recording which describes the making of any weapons, explosives, poisons, or destructive devices.

(b) Money. Inmates may not possess money. If an inmate finds money and voluntarily surrenders it, and the rightful owner does not claim it within 30 days, it will be credited to the inmate's trust account.

(c) Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following:

(1) Any matter of a character tending to incite murder; arson; riot; or any form of violence or physical harm to any person, or any ethnic, gender, racial, religious, or other group.

(2) Blackmail or extortion.

(3) Contraband, or sending or receiving contraband.

(4) Plans to escape or assist in an escape.

(5) Plans to disrupt the order, or breach the security, of any facility.

(6) Plans for activities which violate the law, these regulations, or local procedures.

(7) Coded messages.

(8) A description of the making of any weapon, explosive, poison or destructive device.

(9) Illustrations, explanations, and/or descriptions of how to sabotage or disrupt computers, communications, or electronics.

(10) Diskettes.

(11) Catalogs, advertisements, brochures, and material whose primary purpose is to sell a product(s) or service(s) and when taken as a whole, lacks serious literary, artistic, political, educational, or scientific value.

(12) Maps depicting any area within a ten mile radius of a facility.

(13) Gambling or a lottery.

(14) Markings on the envelope which are obscene in nature as described in subsection (15) below.

(15) Obscene material and mail containing information concerning where, how, or from whom obscene material may be obtained.

(A) Obscene material means material taken as a whole, which to the average person, applying contemporary statewide standards, appeals to the prurient interest; and is material which taken as a whole, depicts or describes sexual conduct; and which, taken as a whole, lacks serious literary, artistic, political, or scientific value.

(B) When it appears from the nature of the matter or the circumstances of its dissemination, distribution, or exhibition that it appeals to deviant sexual groups,

9. Renumbering and amendment of former section 3045 to section 3045.2, relocation and amendment of former section 3044(a) and adoption of subsections (b) and (c) filed 12-20-91 as an emergency; operative 12-20-91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-20-92 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 12-20-91 order transmitted to OAL 4-20-92 and filed 5-28-92 (Register 92, No. 24).

11. Editorial correction deleting language previously transferred to section 3045.2 (Register 93, No. 50). ,

12. Amendment filed 6-9-2006; operative 7-9-2006 (Register 2006, No. 23).

## 3045.1. Timekeeping for Inmates in Administrative Segregation.

(a) A classification committee shall evaluate the reasons for an inmate's administrative segregation (ad. seg.) placement to ensure appropriate worktime credits are awarded the inmate. If the placement was for:

(1) A disciplinary infraction for which the finding was not guilty or pending an investigation where the inmate was released, the inmate shall retain their work/training group status at the time of their placement in ad. seg. unless otherwise impacted by a classification or disciplinary action.

(2) A disciplinary infraction for which the finding was guilty and the assessment of a SHU term, the inmate shall be placed in Work Group D-2 for the period of the credit loss assessment effective the date of their placement in ad. seg.

NOTE: Authority cited: Sections 2700, 2701 and 5058, Penal Code. Reference: Sections 2932, 2933, 2935, 3005, 3062 and 5068, Penal Code; and In re Monigold, 205 Cal.App.3d 1224.

HISTORY:

1. New section filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

2. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

3. New section filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

4. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

5. New section filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

6. Certificate of Compliance including amendment transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

7. Renumbering and amendment of former section 3045.1 to section 3045.3 and adoption of new section 3045.1 filed 12-20-91 as an emergency; operative 12-20- 91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-20-92 or emergency language will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 12-20-91 order including amendment of subsection (a)(2) transmitted to OAL 4-20-92 and filed 5-28-92 (Register 92, No. 24).

9. Repealer of subsection (b) filed 6-17-2004 as an emergency; operative 6-17-2004 (Register 2004, No. 25). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-24-2004 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 6-17-2004 order transmitted to OAL 11-16-2004 and filed 12-29-2004 (Register 2004, No. 53).

11. Amendment of subsection (a)(1) filed 6-9-2006; operative 7-9-2006 (Register 2006, No. 23).

## 3045.2. Excused Time Off (ETO).

(a) It is the policy of the California Department of Corrections that inmates assigned to work/training groups A-1 and B may use excused time off (ETO) during approved absences from their assigned work/training assignment in the manner set forth in this article.

(b) ETO shall be authorized by the work supervisor/employer in no less than 15-minute increments. The inmate shall not be required to use excused time off for any service that the department requires. An inmate who is ill and requires a medical lay-in or is short term medically unassigned for 29 days or less shall use ETO.

(c) Inmates who are ill may use ETO, but will be responsible for notifying the work/training supervisor. Sick time must be approved/authorized by the appropriate institution medical authority. Upon becoming capable of performing medically unrestricted work activities the inmate will be given priority to resume his/her previous assignment. If the assignment is not immediately available, the inmate will be placed in an assignment in his/her previous work/training group category.

(d) Authorized uses of ETO. Excused time off may be approved by work/training supervisors only for the below stated reasons. A proposal to use ETO for any other reason requires approval by the secretary.

(1) Family visiting. An inmate scheduled for a family visit may be permitted to visit in the visiting room (regular visit) on the first day of a family visit while awaiting processing, and on the last day of the family visit.

(2) Regular visiting under extraordinary circumstances. Following are extraordinary circumstances for which use of ETO is authorized:

(A) Out-of-state visitors. Upon substantiation that the visitor(s) resides out-of-state and is in California for a temporary stay of 30 days or less, and the visitor(s) has not visited with the particular inmate for four months. No more than two such visits shall be permitted for each such occurrence.

(B) Excessive distance. When a visitor must travel a distance of 250 miles or more, and has not visited the inmate within the last 30 days.

(C) Weddings. When an inmate marries, the inmate may, with five working days prior approval, use ETO for a visit on the wedding day.

(D) Handicapped. When a visitor is handicapped as defined by California law and must rely on special transportation to the institution. Approval is required five working days prior to the visit.

(E) Family emergencies. When death, serious illness or injury occurs to an inmate's immediate family member, clergymen, family members or close friends may visit the inmate to offer condolences or inform the inmate of the occurrence.

(F) Infrequent visits. When a visitor unexpectedly arrives who has not visited in the last six months, the visit will be considered an infrequent visit.

(G) Visiting during authorized absence. An inmate shall be permitted to visit using ETO during approved periods away from assignment involving circumstances beyond the inmate's control. (Refer to section 3045.3 of these regulations.)

(H) Work assignment conflicts. When the inmate has not received a visit in the last 30 days and would otherwise be prohibited from visiting because of a conflict in work, training, or education assignment.

(3) Temporary community leave.

(4) Special religious functions, other than routine services.

(5) Non-routine recreation and entertainment activities.

(6) Emergency telephone access.

(e) Excused time off applies only to authorized time away from the work/training assignment.

36



(8) Work Group U: Unclassified. An inmate undergoing reception center processing is in this status from the date of their reception until classified at their assigned institution, unless the inmate is assigned to a full-time Bridging Education Program as described in this section. An inmate on unclassified status shall be granted three months credit for each six months served or one day credit for each two days served.

(c) Privileges. Privileges for each work/training incentive group shall be those privileges earned by the inmate. Inmate privileges are administratively authorized activities and benefits required of the secretary, by statute, case law, governmental regulations, or executive orders. Inmate privileges shall be governed by an inmate's behavior, custody classification and assignment. A formal request or application for privileges is not required unless specified otherwise in this section. Institutions may provide additional incentives for each privilege group, subject to availability of resources and constraints imposed by security needs.

(1) To qualify for privileges generally granted by this section, an inmate shall comply with rules and procedures and participate in assigned work/training activities.

(2) Privileges available to a work/training incentive group may be denied, modified, or temporarily suspended by a hearing official at a disciplinary hearing upon a finding of an inmate's guilt for a disciplinary offense as described in sections 3314 and 3315 of these regulations or by a classification committee action changing the inmate's custody classification, work/training group, privilege group, or institution placement.

(3) Disciplinary action denying, modifying, or suspending a privilege for which an inmate would otherwise be eligible shall be for a specified period not to exceed 30 days for an administrative rule violation or 90 days for a serious rule violation.

(4) A permanent change of an inmate's privilege group shall be made only by classification committee action under provisions of section 3375. Disciplinary or classification committee action changing an inmate's privileges or privilege group shall not automatically affect the inmate's work/training group classification. Worktime credit earning shall be affected only by a work/training group change by a classification committee.

(5) No inmate or group of inmates shall be granted privileges not equally available to other inmates of the same custody classification and assignment who would otherwise be eligible for the same privileges.

(6) Changes in privilege group status due to the inmate's placement in lockup:

(A) An inmate housed in an ASU, SHU, or PSU shall be designated Privilege Group D. However, if assigned to a qualifying work/training program within the special housing unit, the inmate shall be assigned privileges of a higher group, if such privileges are available within the assigned housing unit.

(B) An inmate working in lockup units while serving a determinate SHU terms shall be retained in Privilege Group D only, irrespective of their work/training assignment.

(C) An inmate removed from the general population for disciplinary or administrative reasons shall surrender their privilege card to staff.

(7) An inmate in a re-entry furlough assignment shall be eligible for available privileges subject to working eight-hours-per-day and shall not require a privilege group designation. A re-entry inmate placed in a county facility shall be entitled to the same privileges accorded count prisoners and provided for under terms of the department's contract with the county facility.

(8) An inmate's privileges shall be conditioned upon each of the following:

(A) The inmate's compliance with procedures governing those privileges.

(B) The inmate's continued eligibility and possession of the appropriate privilege card.

(C) The inmate's good conduct and satisfactory participation a work/training assignment.

(9) Inmates returned to custody from parole may be eligible to receive privileges based upon their satisfactory participation in a work/training assignment.

(d) Privilege Group A:

(1) Criteria:

(A) Full-time work/training assignment as defined in section 3044(a).

(B) An inmate diagnosed by a physician and/or psychiatrist as totally disabled shall remain in Privilege Group A unless changed by disciplinary action.

(C) An inmate designated by a physician and/or psychiatrist as partially disabled pursuant to section 3044(a) shall remain in Privilege Group A unless changed by disciplinary action.

(2) Any inmate classified and assigned to Privilege Group A shall receive a red CDC 130 Privilege Card with photo.





(3) Privileges for Privilege Group A are as follows:

(A) Family visits limited only by the institution/facility resources, security policy, section 3177(b), or other law.

(B) Visits during non-work/training hours, limited only by availability of space within facility visiting hours, or during work hours when extraordinary circumstances exist as defined in section 3045.2(e)(2).

EXHIBIT

3. Amendment of subsection (a) refiled 8-7-95 as an emergency; operative 8-7-95 (Register 95, No. 32). This regulatory action was deemed an emergency pursuant to section 5058(e) of the Penal Code and remains in effect for 160 days. A Certificate of Compliance must be transmitted to OAL by 1-16-96 or emergency language will be repealed by operation of law on the following day.

4. Reinstatement of section as it existed prior to emergency amendment filed 2-17-95 by operation of Government Code section 11346.1(f) (Register 96, No. 8).

5. Amendment of subsection (a) filed 2-21-96 as an emergency; operative 2-21-96 (Register 96, No. 8). A Certificate of Compliance must be transmitted to OAL by 6-20-96 or emergency language will be repealed by operation of law on the following day.

6. Certificate of Compliance as to 2-21-96 order including amendment of subsection (a) transmitted to OAL 6-18-96 and filed 7-9-96 (Register 96, No. 28).

### 3033. Alteration.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. Editorial correction of printing error (Register 92, No. 5).

2. Renumbering of former section 3033 to 3032 filed 7-9-92; operative 8-10-92 (Register 92, No. 28).

## Article 3. Work and Education

### 3040. Participation.

(a) Every able-bodied person committed to the custody of the Secretary of the Department of Corrections and Rehabilitation is obligated to work as assigned by department staff and by personnel of other agencies to whom the inmate's custody and supervision may be delegated. Assignment may be to a full day of work, education, or other program activity, or to a combination of work and education or other program activity.

(b) Inmates assigned to a physical fitness program as part of a work incentive program shall be held to the same obligations/participation requirements governing other vocational, educational, or work assignments.

(c) Except as provided in sections 3040.2(d) and 3040(e), a classification committee shall assign each inmate to an appropriate work, education, vocation, therapeutic or other institution program, taking into account the:

(1) Inmate's expressed desires and needs.

(2) Inmate's eligibility for and availability of the desired work or program activity.

(3) Institution's security and operational needs.

(4) Safekeeping of the inmate.

(5) Safety of persons and the general public.

(d) Despite an inmate's assignment to a program mutually agreed upon in a classification committee hearing, or pending such a hearing, or pending assignment to a designated program, or during any period when the designated program is temporarily suspended, or in the absence of the inmate's agreement to participate in any program activity, any able-bodied inmate may be assigned to perform any work deemed necessary to maintain and operate the institution and its services in a clean, safe and efficient manner. Operational needs may always override a program assignment.

(e) Inmates assigned to clerical duties and office work positions, requiring an extensive amount of staff/inmate interaction, such as clerks and teachers' aides, shall be rotated at regular intervals to other positions within the institution even though that may result in lower pay, or no pay at all, to the inmate being rotated out of the position. The institution head shall determine the rotation schedule based upon security needs of the institution. Assignments to such positions shall not exceed a two-year period. Routine rotation shall not affect the inmates' work/training group designation, although it may divest the inmate of a paid position.

(f) Any staff request for removal of an inmate from a program shall be submitted to the inmate's correctional counselor on a CDC General Chrono Form. The counselor shall refer the request to a classification committee for consideration and action. If a request is for cause, defined as behavior that would result in loss of participation credit pursuant to section 3043.2(a), the inmate may be temporarily relieved of the position and denied pay (if a paid position), pending classification committee action.

(g) Work assignments, in lieu of enrollment and participation in education, vocational, therapeutic or other institution program assignments, may be made with or without the inmate's consent by a classification committee, a staff member designated as an inmate assignment officer, or by any staff member responsible for the supervision of an unassigned inmate.

(h) Inmates who have a history of computer fraud or abuse, including documented institutional disciplinary action involving computer fraud or abuse, shall not be placed in any vocational or work assignment that provides access to a computer.

(i) A job description shall be developed for each inmate work/training position, establishing the minimum standards of acceptable participation and performance and the possible consequences of failure or refusal to meet the standards. The inmate shall sign a copy of the job description, indicating acceptance of the conditions of employment, and shall receive a copy.

(j) The allocation of paid inmate work/training assignments on an institution-specific basis shall be made by the institution's inmate pay committee. Each institution shall administer an inmate pay program consistent with the budget allotted for such assignments. As directed and in accordance with section 3380, Department and institutional inmate pay committees shall administer inmate rate and wage matters subject to these regulations.

(k) An inmate's assignment to a paid position is a privilege dependent on available funding, job performance, seniority and conduct. These factors shall be criteria considered in determining an inmate's eligibility for pay earning status and rate of pay.

(l) The following inmate assignments shall not be considered paid work/training assignments.

(1) Inmate advisory council members (except the chairperson and secretary).

(2) Vocational student assignments (however, exceptions may be made where the inmate is enrolled in a bona fide apprenticeship program or performs work that provides a benefit to the institution and/or public).

(3) Academic student assignments.

(4) Substance abuse or therapeutic program assignments.

(5) Any other specific work/training assignment deemed "nonpay" by the inmate pay committee of the institution/facility.

NOTE: Authority cited: Sections 2700, and 5058, Penal Code. Reference: Section 1182, Labor Code; and Sections 502, 2079, 2702, 2933, 5054 and 5068, Penal Code.

HISTORY:

1. Amendment filed 5-13-77; effective thirtieth day thereafter (Register 77, No. 20).

2. Amendment filed 5-4-83; designated effective 6-1-83 pursuant to Government Code Section 11346.2(d) (Register 83, No. 19).

3. New subsection (e) filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

4. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

5. New subsection (e) filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.



position available. The pay increase shall be effective on the first day of the following month in which the pay increase is implemented following approval by the Prison Industries Administrator/Manager. Less than satisfactory performance may result in a reduction in the hourly wage rate with the submission of a California Department of Corrections (CDC) Form 128-B-1, Classification Hearing Request/Notice Form, and a CDC Form 101, Work Supervisor's Report, stating the reason for the reduction in pay.

Inmates approved for advancement to a higher skill classification shall enter the new classification pay grade equal to or greater than their present pay grade in the lower skill. For example, an inmate in the semi-skilled classification receiving an hourly wage of $0.50 who advances to technician shall receive not less than $0.55 nor more than $.65 per hour. Longevity shall not be used as a criteria for the purpose of upgrading skill level.

An inmate's pay rate shall not be reduced nor will the inmate be removed from pay status except for cause, which shall be documented by a CDC Form 101 approved by the factory Superintendent and Prison Industries Administrator/Manager. When the cause is for misbehavior, including willful refusal or failure to work as directed, the matter will be reported as a disciplinary offense on a CDC Form 115, Rules Violation Report, or a CDC Form 128-B, General Chrono. A finding of guilty to the charge may be accepted as authority to reduce the inmate's pay rate to the lowest PIA pay number or remove the inmate from PIA pay status, without regard for any other penalty imposed at the disciplinary hearing. Such a rate reduction or removal shall be taken within ten days of the disciplinary action.

When the cause for an inmate's reduction in pay rate or removal from pay status results from no fault of the inmate, including inability to satisfactorily perform the assigned job after a reasonable effort to do so, the non-disciplinary cause shall be reflected as such on a CDC Form 128-B, for inclusion in the inmate's central file. The inmate shall also be given a copy of the report.

Inmates removed from their PIA assignment for reasons beyond their control, for example out-to-court or found not guilty of charges after an investigation, may return to the previous assignment at the same or closest level of pay available.

An inmate's pay rate shall not be changed in the middle of a pay period except for disciplinary reasons. Reductions shall be submitted with regular pay raises and position changes, and are processed once per month, the same as any raise or position change.

Inmate performance ratings and total hours in **EXHIBIT** be available for review when changes in job classifications are being considered.

### 51121.11    Activities for Which PIA Inmate Pay Is Authorized

PIA inmates shall be paid for the following activities only:

- Productive work.
- Actual work time.
- Tool check-in/check-out (15 minutes twice per day).
- Clean-up (15 minutes twice per day).



- Official break times.
- Management approved job-related trade training during the regular workday.
- Time lost due to job-related illness or injury up to a maximum of 30 working days.
- State holidays.

    PIA inmate workers shall be paid their regular rate of pay, for the regular number of work hours per day, on all officially declared State holidays which fall within the inmate's regular work shift, but only if the inmate works the entire number of work hours available on the inmate's scheduled work day before and after the holiday. If an inmate is on excused time off "E-time," if a natural occurrence or disaster such as fog, fire, or earthquake, etc., or supervisor absence prevents an inmate from working the scheduled workday before or after a holiday, the next available day of the inmate's work schedule shall be used to determine their qualification for holiday pay.

    An inmate who works on an official State holiday shall be paid for the holiday plus their regular rate of pay for hours worked.

    Locally declared holidays do not qualify workers for holiday pay.

PIA inmates shall not be paid for the following:

- Late release by custody.
- Shower time, unless required as by job description.

- Lunch breaks.

### 51121.12    PIA Inmate Performance Appraisals

Mandatory quarterly performance grading shall be submitted by the inmate's immediate supervisor on CDC Form 101 for the following criteria:

- Demonstrated skill and knowledge.
- Observed work habits.
- Attitude toward fellow inmates, staff, and the job.
- Learning ability, awareness of new procedures and methods, alertness, and perseverance.
- Quality of work.
- Quantity of work.
- Care and use of tools and equipment.
- Recommendation for step increase in authorized pay.

Receiving an unsatisfactory CDC Form 101 and a CDC Form 128-B-1 shall be authorization for downgrade in pay scale and/or position, demotion, or termination by referral to the facility classification committee for program change.

### 51121.13    PIA Assignments for Transferred Inmates

Inmates transferring from other facilities shall be placed in the skill level/pay scale which is appropriate for the position desired if the inmate stays in the same trade area. Inmates may be placed at an equal level to the work assignment previously held at the sending facility, but such placement is not guaranteed. This placement remains subject to the availability of a position and other criteria as set forth in Department Operational Manual (DOM) subsection 51121.6.

### 51121.14    PIA Inmate Timekeeping Procedures

All PIA inmate workers' time shall be initially recorded by time clocks on timecards. All punching of timecards shall be under the direct supervision of a civil service employee. Timecards shall be maintained in secure locked containers when not in use. The inmate's supervisor shall be responsible for verifying and certifying by initialing the timecard before its submission for payroll preparation.

The CDC Form 1697, Inmate Work Supervisor's Time Log, and the revised scannable monthly CDC Form 191, Inmate Timecard, shall be completed on a daily basis to record work credits for inmates. The CDC Form 1697 consists of one original and one yellow copy; the yellow copy shall be provided to the inmate as a receipt for monthly credits earned. The CDC Form 191 does not provide a copy for the inmate.

Time records shall be consolidated on a summary form, initialed by the supervisor, and signed by the Prison Industries Administrator/Manager.

If an inmate is reassigned during the pay period, the work supervisor shall complete the timecard and turn it in to the factory timekeeper.

All appropriate facility timekeeping forms approved by the Prison Industries Administrator/Manager, supported by the timecard, shall be forwarded to the facility accounting office immediately after the close of the pay period. Headquarters timekeeping forms are to be forwarded to Materials Management.

Payrolls shall be prepared from the approved information. One copy shall be retained by the facility Prison Industries Administrator's/Manager's office and the original shall be forwarded to the PIA facility accountant, who must call the total inmate pay amount to headquarters Accounting Services and prepare the accounting entry which distributes the costs by enterprise.

### 51121.15    PIA Inmate Payroll

On a monthly basis, the facility accounting office, after auditing the summary form, shall prepare a separate inmate payroll on CDC Form 190-A for each fund from which inmate wages are to be paid.

The original copy of CDC Form 190-A and the accounting entry is to be submitted to the PIA Comptroller, and the duplicate is to be retained by the facility accounting office.

Immediately upon preparation of payrolls, earnings shall be credited to inmates' trust accounts. A revolving fund check shall be deposited in the inmate trust fund in an amount equal to the total of all payrolls. Payroll claims schedules shall be prepared so that the PIA Comptroller's warrant is payable to the revolving fund. An accounts receivable for the inmate payroll must not be established in the inmate trust fund.

### 51121.16    PIA Inmate Attendance

One hundred percent attendance is expected of all inmate workers.

Inmates shall report to their place of assignment at the time designated by the facility's schedule of activities and as instructed by their work supervisor.