Case 2:08-cv-03058-KJM-CKD   Document 25   Filed 09/29/10   Page 1 of 10

FILED
SEP 29 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW

V.

CLIFF LANE et al,.

BRIEF IN OPPOSITION
TO DEFENDANT'S SUMMARY
JUDGMENT MOTION.
Case:2:08-cv-03058-MCE-KJM

_____/

### Statement of Case:

This is a § 1983 action filed by a prisoner at CSP-Solano Prison seeking damages, a declaratory judgment, and injunctive relief based on the use discrimination, the denial of procedural due process, and the denial of his equal protection. Defendants have filed a motion for summary judgment as to Plaintiff's use of discrimination and retaliation claims against Defendants Scott Chesser, Cliff Lane et al,. Plaintiff argues the defendant's acts of discrimination and retaliation against the Plaintiff was motivated by discriminatory "animus" towards Muslim inmate workers. Which violated Plaintiff's right to Equal Protection. Their was no legitimate penological need to "Chill" Plaintiff's right to redress his grievances, the discrimination was conducted with the "deliberate indifference" to Plaintiff's religious beliefs that Jummah Prayer is mandatory for the Muslims.

### Statement of Facts:

The Plaintiff's declaration submitted in response to the defendant's motion states that the defendants requested that Plaintiff "withdraw his CDC-602 grievance appeal, and the right to practice his religious belief in exchange to be issued a work/card and gate/pass.

A result of not withdrawing the 602 inmate grievance, as a form of reprisal, Plaintiff's appeal was "Chilled" by the defendant Scott Chesser.

After the Appeal was granted on 1-9-08 by PIA Aministrator Terry Moore. CHESSER and LANE still refused to call or fax Plaintiff's Name, Number, Housing to the Inmate Assignment Office requesting to issue BARTHOLOMEW a work card.

The defendant's declarations tells a different story, they claim that due to the budget, and the reduction of staff was the reason why they could not hire Plaintiff.

## ARGUMENT

The genuine issue of material facts that preclude summary judgment for the defendant's on the Plaintiff's use of discrimination and retaliation claim.

Summary Judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c) Fed. Rule Civ.P a "material" fact is one that "must effect the outcome of the suit under the governing law."Anderson v. Liberty Lobby Inc. 477 U.S. 242, 248 (1986).

The declaration of the Plaintiff and the defendant's are squarely contradictiory as to what discrimination and retaliation was used. The allegations in defendant's declaration portray a completely needless use of discrimination and retaliation against the Plaintiff for exercising his Constitutional right under the Fourteenth Amendment to practice his religious beliefs. There is clearly a genuine issue of fact.

The actual dispute is also material, under the governing law, whether the use of discrimination and retaliation by the defendants violated the First and Fourteenth Amendments depends on whether it was motivated by the discriminatory "animus" towards Muslim inmate workers. In good faith or Maliciously to cause harm. HUDSON V. McMILLIAN 112 S.CT 995, 998 (1992).

The facts by the Plaintiff is evidence that the defendants were acting "maliciously and sadistically to cause harm" They would support a jury verdict in the Plaintiff's favor. (see Miller v. Leathers, 913 F.2d 1085. (en banc) retaliation intent could be inferred from officers actions.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment should be denied, and defendants request for immunity should be denied.

date:

KEVIN BARTHOLOMEW

IN PRO PER.

## DECLARATION OF KEVIN BARTHOLOMEW

1). This is a complaint for relief and damages for defendants retaliation, and Violation of due process & equal rights of plaintiff during his confinement by the California Department of Correction

(CDC) at California State Prison Solano (CSP-Solano).

2). This action arises under 42 U.S.C. 1983, and jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

3). All conduct giving rise to the claims alleged herein arose in Solano County, California. Therefore, venue is proper under 28 U.S.C. §§1391. (b) (2).

4). Plaintiff is and was at all times mentioned herein an inmate in the custody, control, and care of CDC, incarcerated at CSP-Solano since 12-23-99.

5). Plaintiff is informed and believes, and thereon alleges, that the defendants CHESSER and LANE, at all times relevant herein were employed at CSP-Solano, as Prison Industry Auhtority Metal Fabrication.

Defendants are responsible for promulging monitoring compliance, with enforcing and/or supervising the enforcement of policies and procedures affecting the prison at CSP-Solano.

6). At all times mentioned defendants CHESSER and LANE were acting under the color of state law, in the course and scope of his/her individual and official capacities.

7). The is a casual connection in violation of Plaintiffs Constitutional rights is that the defendants work together, go home together, eat together; and more importantly they stand by the code of silence which has exists within the California Dept of Corrections & Rehabilitation that protect prison officials for many years.

8). There is still a reasonable dispute as to whether Plaintiff's grievance was an active cause of him being vindictively discriminated and retaliated against Plaintiff for filling an inmate appeal that was protected by law.

9). There still is also a reasonable dispute as to whether and to what extent Plaintiff's grievance played a role in the ultimate decision.

10). At all times defendants CHESSER and LANE had the ability and means to re-assign Plaintiff.

11). According to Correctional Lieutenant J. Herrra, Inmate Assignment Office CSP-Solano,"All that is required to issue a work card is to submit a Request for Interview Slip which was completed on 11-8-07. (see Plaintiffs exhibit #1). and for the defendants to place a Call or Fax to Inmate Assignment Office requesting that inmate BARTHOLOMEW be issued a work card".
(see Plaintiffs exhibit #2).

12). The defendants CHESSER and LANE would have this court believe that because of budget and staffing shortages that it was not possible to hire Plaintiff BARTHOLOMEW.this allegation is false and misstates the facts.

(see Plaintiffs exhibit #3).

after Plaintiff was released from Administrative Segregation from the investigation.

PLEASE TAKE JUDICIAL NOTICE: that approximately 43 inmates have been hired in PIA Metal Fabrication from October 14, 2007 to present.
and just as recently as of 9/1/10 inmate David Holley CDC# J-14950 PME-M.005 was hired/assigned to metal fab. (see Plaintiff exhibit #3 Page 1. line 19).

13). The defendants CHESSER and LANE would have this court believe that they have never RETALIATED against Plaintiff or any other PIA Metal Fabrication worker. But that allegation is false. Inmate Oliver CDC# H-57866 #PME-3.030 did not withdraw his 602 inmnate Grievance and he was demoted in pay. (see Plaintiffs exhibit #4 Declaration J. Oliver #H-57866).

14). Both CHESSER and LANE have a history of Retaliation and discrimination for filing inmate Grievances.

15). Inmate Joel Holley CDC# B-77761 was retaliated against by defendant LANE (appeal Log# CSP-04-01241 date:3-4-04).

which resulted in an Settlement Agreement in favor of the Plaintiff inmate Holley Case: 2:04-cv-2708-LKK.(see Plaintiff's exhibit #5 Declaration of Joel Holley CDC# B-77761).

16). Inmate Brook CDC# B-73494 was unassgned from his Job assignment for filing an inmate Grievance.(see Plaintiff's exhibit #6 Declaration of Ronald Brook CDC# B-73494).

17). PIA Metal Fabrication and the Inmate Assignment Office have a history of "ILLEGAL" hiring practices which are not authorized or approved by the OAL,to mix level II with Level III inmates.

(see Plaintiff's exhibit#7 OFFICE ADMINISTRATIVE LAW 2009 OAL DETERMINATION NO. 11. (OAL FILE NO.CTU2008-1014-01) signed by Susan Lapsey, Director. and Kathleen Eddy Senior Counsel. date:5-12-09).

18). The defendants make the allegation that it was not possible to leave work at Metal Fabrication on Friday,this allegation is false and misstates the facts. at all times Metal Fabrication has four (4) Correctional Officer Correctional Officers, HOOK, BOLS, A. FLORES, and STOWANSKI; and Two (2) Correctional Sergeants SMITH and TREVINO for a total of 6-Custody Staff.

19). At all times from 2007 to 2008 there were approximately Nine PIA Metal Fabrication (free) Staff Supervisors Gary Huff, John Geitner, Juan Romero, Dennis Korte, Ross Novinger, Zach Vierra, James Lock/assembly, Scott Chesser, Cliff Lane. Were all assigned to supervise inmates worker in metal fabrication.

20). PLEASE TAKE JUDICIAL NOTICE: The Ratio per inmate to Staff is 30-inmates to 1-staff (see Plaintiff exhibit #8 INMATE PROGRAM MODIFICATION STRATEGY page 4 of 6 No. VII (A) there shall be no more than (30) inmates when only one officer is present.

21). At those current figures there were more than enough supervisors staff to supervise 142-inmates. 9-supervisors X 30-inmates =270 inmate supervision.

22). At those current figures there were enough custody staff to supervise 142-inmates 6-custody staff x 30-inmates = 180 inmates.

23). At all times the CSP-Solano Complex-B Processing Unit (AKA) Strip Shack required a minimum of Two (2) custody staff to process inmate workers IN and OUT during the Scheduled Unlocks.

24). At a RATIO of 30-inmates to 1-custody staff approximately 60-inmates could be processed IN and OUT of Metal Fabrication without breaching security. (see Plaintiff's Exhibit #9 Declaration Edward Haro CDC# D-41017).

25). It is the defendants animus towards prisoners that file inmate appeals that caused defendant CHESSER's actions to RETALIATE against the Plaintiff.

26). At all times the defendants knew the Laws, Rules and Regulations and chose not to follow them. Therefore they are not entitled to Immunity.

27). Plaintiff asserts that the defendants acts "CHILLED" Plaintiff because of the defendant's animus towards Muslims and Inmate Appeal writers (Jailhouse Lawyers).

28). Plaintiff asserts that inmate John Esteep CDC# J-59546 was not required to complete an application to be re-assigned on 10-26-07. But Plaintiff was treated differently (see Plaintiff exhibit#10. CDC-602 Appeal Section (D)..

29). Inmate Bradley VanDyke CDC# K-17445 was release from Administrative Segregation pending an investigation on 2-20-10 and was re-assigned to Metal Fabrication and was not required to complete an application to be re-hired. But Plaintiff BARTHOLOMEW was treated Differently. (see Plaintiff's exhibit# 11. Declaration of Inmate Bradley Van Dyke #K-17445).

30). Defendants assert Plaintiff claims against defendnats CHESSER and LANE lack causation. <u>Jonhson v. Stoval</u>, 233 F.3d 486, 489 (7th Cir. 2000) states:

MEMORANDUM POINTS OF AUTHORITY

"To state a cause of action for retaliation, "a complaint need only allege a chronology of events from which retaliation may be inferred. <u>Black v. Lane</u>, 22. F.3d 1395, 1399 (7th Cir. 1994) citations and internals omitted).

31). To prevail on a retaliation claim, a plaintiff must show that his protected conduct was "the substantial' or motivating' factor behind the defendants conduct". <u>Sorrano's Gasco, Inc. vs. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989). To show the presence of this element on a motion for summary judgment, Brodheim need only "put fourth evidence of retaliatory motive, that taken in light most favorable to him, presents a genuine issue of material fact as to [Cry's] intent" in issuing the warning. <u>Broheim v. Cry</u>, §584 F.3d 1262 (C.A.9) (2009). Respondents are not entitle to Immunity 434 U.S. 555 <u>Procunier v. Navarette</u>, and 526 U.S. 603 <u>Wilson v. Layne</u> 526 U.S. 603 (199).

## CONCLUSION

32). Each defendant knew of Plaintiff's Muslim Beleif.

The defendants, CHESSER and LANE, were issued a copy of the Maywaether V. Terhune Settlement Agreement from Plaintiff and the CSP-Solano Litigation Coordinator Office. A CAILFONIA STATE PRISON - SOLANO Daily Movement Sheet was issued every Friday to all Department throughout the institution. (see Plaintiff exhibit#12).B/ JUMMU'AH PRAYER SERVICE participants ducat list. (see exhibit#12 PRIORITY DUCAT/PASS Jumm'ah Prayer Service 12:30 P.M.).

34). Defendant CHESSER was observed by inmate Lee Bonner CDC# D-96219 animus behavior towards muslim worker performing prayer by constantly changing the locations during the prayer. (see Plaintiff exhibit #13. Declaration of Lee Bonner).

35). There was no penological purpose in discriminating and retaliating against the Plaintiff.

The factual allegations against CHESSER and LANE are clear. The causal connection

between CHESSER's and LANE's action in retaliation and discrimination, and Plaintiff's protected conduct are obvious and solid. The defendants should not be granted summary Judgment, and the defendants should not be granted Immunity from this action.

36). Plaintiff asks this Court also to consider the fact most favorable to the non-moving party.

37). Pursuant to 28 U.S.C. §1748, I declare under the penalty of perjury that the foregoing is true and correct.

Date: 9-20-10

KEVIN BARTHOLOMEW

In Pro Per.

DECLARATION OF LEE BONNER

1). I Lee Bonner CDC# D-96219 hereby declare as follows;
2). That I do competently and adequately state to the facts herein.
3). I am currently incarcerated in the California Dept of Corrections Rehabilitation CSP-Solano Vacaville, CA.
4). That I have personal knowledge that from 2002 to present I have been employed by Prison Industry Authority Metal Fabrication Paint Department.
5). I am assigned as a Forklift Operator, Spray Painter, Hangline operator, Shipping/Receiving, Quality/Control, Welder, Grinder, ect.
6). On or/about October 18, 2007 after inmate Bartholomew D-13674 was placed in Administrative Segregation, I assumed some of his former responsibilities in the Paint/Shipping Dept. e.g. Forklift which requires a certified license of loading & unloading trucks.
6). Loading the paint assembly line, relieving other workers for their breaks, and wrapping and tagging finished components.
8). Inmate worker Singletary who was issued inmate Bartholomew former No. MET-3.003 was not hired work in the exact position as inmate Bartholomew, that would have required a certified Forklift License, and he would have needed clearance and training to access the MAPS tracking Computor.
9). inmate Singletary started in an entry level position in the paint dept hanging components on the assembly line.
10). There were currently 2-open position available in the paint Department when inmate Bartholomew was released from Administrative Segregation.
11). And when I inquired about Bartholomew's return to work Scott Chesser said "his appeal is still pending, and that it didn't look good".
12). I also can competently and adequately state that in 2007 at CSP-Solano inmate Bartholomew requested me to witness him give to Scott Chesser and Cliff Lane a copy of the Mayweather Settlement Agreement, and the Jummah Serviece unlock Schedule for Muslim Serivces.
13). And I have witness Scott Chesser animus towards inmates and Muslims during the prayer making excuses to disrupt the prayer by continuously changing the location of the prayer from inside the factory to outside, and from the front of the paint dept, to the back foyer area, and so on...
14). Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Date: 9-12-10

LEE BONNER
DECLARANT

EXHIBIT